# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES MATTHEW F.,

    **Plaintiff,**

v.

ANDREW SAUL, COMMISIONER OF SOCIAL SECURITY,

    **Defendant.**

Case No. 16-CV-1111-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Attorney Fees (Doc. 27), which seeks attorney's fees in the amount of $13,879.50 pursuant to 42 U.S.C. § 406(b)(1). Defendant does not object but asks the Court to award reasonable fees. For the following reasons, the Court grants in part Plaintiff's motion and awards $9,902.50 in reasonable attorney's fees. The Court also orders Plaintiff's counsel, Roger Driskill, to refund to Plaintiff the smaller fee amount ($4,710.18) that he received under the Equal Access to Justice Act ("EAJA") after Mr. Driskill receives his $9,902.50 in attorney's fees from the Commissioner.

**I.    Background**

Plaintiff retained counsel, entering into a contingent-fee agreement for twenty-five percent of all retroactive benefits, on or about April 18, 2016. Plaintiff's claim was denied at all administrative levels, and Plaintiff sought judicial review in this Court. On November 14, 2016, the Court granted Defendant's unopposed Motion for Remand, reversing the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and remanding this case for further

administrative proceedings.[1]  On February 10, 2017, the Court awarded attorney's fees under the EAJA, 28 U.S.C. § 2412(d), in the amount of $4,710.18.[2]

On remand, Plaintiff was found disabled as of March 8, 2012.[3]  The Commissioner awarded Plaintiff total retroactive benefits of $79,518.00 and withheld twenty-five percent, $19,879.50.[4]  Pursuant to 42 U.S.C. § 406(a), this amount was reduced by $6,000.00 due to Plaintiff's hearing level representative's fee agreement.  Thus, the total amount of funds available is $13,879.50.  Defendant takes no position on counsel's fee request but defers to the Court's discretion on the reasonableness of the award.[5]

## II. Legal Standard

Attorneys representing clients in Social Security proceedings may seek fees under both the EAJA and the Social Security Act ("SSA"), 42 U.S.C. § 406(b).  "There are several differences between the two types of fees.  For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of [the] claimant's past-due benefits."[6]  Fees awarded under the EAJA penalize the Commissioner for taking an "unjustified legal position" and are paid out of agency funds to the claimant.[7]  Because fees awarded under the EAJA are paid to the claimant, they are

---

[1] Doc. 21.

[2] Doc. 25.

[3] Notice of Award, Doc. 27-2 at 3.

[4] *Id.* at 5.

[5] Docs. 29, 30.

[6] *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006) (citing *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001); 28 U.S.C. § 2421(d)(2)(A); 42 U.S.C. § 406(b)(1)).  Although fees awarded under the EAJA are based on a statutory maximum rate, they may be adjusted upward to account for cost-of-living increases.  *See Martin v. Colvin*, 198 F. Supp. 3d 1248, 1251 (D. Kan. 2016) (citing *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2421(d)(2)(A)(ii)).

[7] *McGraw*, 450 F.3d at 497 (quoting *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994)).

"subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States."[8] In contrast, fees awarded under the SSA "satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits" to his or her attorney.[9] "If counsel is awarded fees under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant."[10]

The Court has already awarded fees under the EAJA and must now decide the reasonableness of counsel's separate fee request under the SSA. Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant ... the court may determine and allow as part of its judgment a reasonable [attorney] fee ... not in excess of 25 percent of the total of the past-due benefits."[11] The statute allows courts to award fees based on a contingent-fee agreement, but the court must act as an independent check on such agreements to assure that they satisfy the statutory requirement of yielding "reasonable results in particular cases."[12] Fees may be awarded when a plaintiff is awarded past-due benefits

---

[8] *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

[9] *McGraw*, 450 F.3d at 497 (quoting *Orner*, 30 F.3d at 1309).

[10] *Id*. at 497–98 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)).

[11] "The [SSA] deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id.* at 498 (quoting *Gisbrecht*, 535 U.S. at 794). "Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id*. (citations omitted).

[12] *Gisbrecht*, 535 U.S. at 807; *see McGraw*, 450 F.3d at 498 (quoting *Gisbrecht*, 535 U.S. at 807) ("With regard to work before the courts, '§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefit claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.'")

after the court has remanded for further administrative proceedings.[13] The amount of the fee award is left to the Court's sound discretion.[14]

In determining whether a contingent-fee agreement produces reasonable results or whether the fee award should be reduced, the Supreme Court has directed courts to consider several factors, specifically: (1) the character of the representation and whether the results it achieved were substandard; (2) whether the attorney was responsible for delay that caused benefits to accrue during the pendency of the case; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case.[15] The Supreme Court noted that "the comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate."[16]

## III. Discussion

Applying the *Gisbrecht* factors, the Court concludes that the requested fee of $13,879.50 is not reasonable. With regard to the first *Gisbrecht* factor, counsel achieved a favorable result because he obtained six years of past-due benefits.[17] As to the second factor, counsel was not responsible for any delay in the case.

With regard to the third factor, however, after reviewing the affidavit and time records submitted by counsel, the Court finds some inconsistencies. First, counsel states that there is a total of 30.1 hours, with paralegal hours amounting to 6.8 and attorneys' hours amounting to

---

[13] *McGraw*, 450 F.3d at 503.

[14] *Id.* at 505 (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1145–46 (10th Cir. 1990)).

[15] *Gisbrecht*, 535 U.S. at 808 (citations omitted).

[16] *Robbins v. Barnhart*, No. 04-1174-MLB, 2007 WL 675654, at *2 (D. Kan. Feb. 28, 2007) (citing *Gisbrecht*, 535 U.S. at 808).

[17] Counsel, however, does not inform the Court regarding the length of time that he represented Plaintiff. His fee schedule only indicates time in 2016. Furthermore, his contingency fee agreement with Plaintiff is dated 2016.

4

23.3. Counsel's calculation does not indicate if counsel is seeking fees for the 23.3 or 30.1 hours. Counsel asserts that the effective hourly attorney rate is $566.50.[18] The Court's calculation, however, demonstrates that the hourly attorney rate for 23.3 hours equals $595.69. Using the total amount of hours expended (30.1), the hourly attorney rate equals $461.11. Any of these hourly rates exceeds the high range of § 406(b) fees awarded by the Tenth Circuit[19] and judges in this district.[20]

Furthermore, counsel has the burden of persuasion on his fee request, but his affidavit does not state what his normal hourly fee is.[21] Thus, the Court's determination of the reasonableness of the effective hourly rate requested is impeded. It is also impaired when counsel's calculations do not match, and the Court does not know whether paralegal fees are included in the request.

Consistent with *Gisbrecht*, the Court is mindful that it should not award "windfalls for lawyers" such that when "the benefits are large in comparison to the amount of time counsel

---

[18] Doc. 27, p.2, ¶ 9. However, 23.3 hours multiplied by $566.50 equals $13,199.45. This amount is $680.05 less than the total amount requested of $13,879.50. Thus, the Court is not clear why there is a discrepancy in amount.

[19] *See, e.g., Russell v. Astrue*, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming the district court's reduction of fees from $17,184.10 to $11,884.10, which represented an effective hourly rate of $422.92, midway between counsel's normal hourly rate of $275 and the effective hourly rate of $611 that the requested $17,184.10 would have rendered).

[20] *See Kotchavar v. Comm'r of Soc. Sec. Admin.*, No. 14-1333-KHV, 2018 WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (awarding fee resulting in effective hourly rate of $400); *Tacey v. Berryhill*, No. 15-9094-KHV, 2018 WL 3757620, at *3 (D. Kan. Aug. 8, 2018) (finding requested fee award that would result in $536.14 hourly rate too large in comparison to time spent on case and reducing award to effective hourly rate of $388.50); *Williams v. Berryhill*, No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018) (citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); *Boyer v. Berryhill*, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (same); *Schoonover v. Colvin*, No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (finding the requested effective hourly rate of $511.32 unjustifiably high and reducing award to result in hourly rate of $400).

[21] *See Scherffius v. Astrue*, 296 F. App'x 616, 620 (10th Cir. 2008) (noting that the movant attorney has burden of persuasion regarding fee amount and should have stated his normal hourly fee).

spent on the case, a downward adjustment is similarly in order."[22] The Court recognizes that counsel obtained a favorable result of six years of past-due benefits. However, counsel's relatively short period of time working on the case and the requested hourly rate is unreasonable and unjustifiably high. Thus, the Court reduces the rate to $425 per hour. Therefore, the Court will award fees in the amount of $9,902.50 ($425 x 23.3 hours).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Motion for Attorney's Fees (Doc. 27) is granted in part. Plaintiff's attorney, Roger Driskill, is entitled to $9,902.50 in fees under 42 U.S.C. § 406(b). The Commissioner shall pay the fees from the amount which he is withholding from Plaintiff's past-due benefits. The Commissioner shall pay the remainder of the withheld benefits to Plaintiff.

**IT IS FURTHER ORDERED THAT** Plaintiff's counsel, Roger Driskill, shall refund to Plaintiff $4,710.18, which he received as fees under the EAJA, after he receives $9,902.50 in attorney's fees from the Commissioner.

**IT IS SO ORDERED.**

Dated: October 31, 2019

S/ Julie A. Robinson  
JULIE A. ROBINSON  
CHIEF UNITED STATES DISTRICT JUDGE

---

[22] *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).